Grant *v.* Baird.

---

EMMA COLLIER GRANT

*v.*

ANNE GRANT BAIRD et al.

[Submitted May 21st, 1901. Decided May 24th, 1901.
Filed June 4th, 1901.]

Where a mother, at the time of making a voluntary settlement for her daughter, did not understand that the deed was so drawn that she could not revoke it at pleasure, and did not understand the practical effect and consequences of all the provisions thereof, she was entitled, as against the daughter and her children, also beneficiaries under the settlement, to a decree annulling the deed, except so far as it had been acted on in good faith to such an extent that the parties could not be placed in *statu quo*.

---

On final hearing on pleadings and proofs taken before a master.

Grant *v.* Baird.

The object of the bill is to procure a decree of the court annulling a voluntary settlement made by the complainant, Emma Collier Grant, upon her daughter, the defendant Mrs. Anne Grant Baird and her children, in the year 1890.

The bill assigns two grounds for the intervention of the court—*first,* that at the time of making the settlement the complainant supposed that she had, and had retained, the power and right to alter and revoke the same at her pleasure; whereas, upon an inspection of the document, it is found to contain no power of revocation, and *second,* that the provisions of the deed, when given practical effect, produce results quite different from what the settler supposed they would produce when she executed the deed, and that such results are quite contrary to her real wishes.

The settlement provides a fund for the use of the daughter for life, and at her death to go to her three children, only one of whom was born at the time the deed was executed, and, in certain contingencies, mentioned in the deed, a portion of the fund was to go to certain benevolent societies, and two trustees were appointed.

The children appear by their guardian, and the trustees also appear and answer and submit themselves to the jurisdiction of the court. The benevolent institutions, though properly brought into court, have not answered, and a decree *pro confesso* has been taken against them.

*Mr. Sherrerd Depue,* for the complainant, cited the following authorities:

*Garnsey* v. *Mundy,* 9 *C. E. Gr. 243; Villers* v. *Beaumont,* 1 *Vern. 100; Everitt* v. *Everitt, L. R. 10 Eq. 405; Wollaston* v. *Tribe, L. R. 9 Eq. 44; Coutts* v. *Acworth, L R. 8 Eq. 558; Prideaux* v. *Lonsdale,* 1 *De G. J. & S. 433: Hall* v. *Hall, L. R. 14 Eq. 365; Toker* v. *Toker,* 3 *De G. J. & S. 487, 489; Forshaw* v. *Wellsby, 30 Beav. 243; Huguenin* v. *Baseley, Lead. Cas. Eq. 406; Cooke* v. *Lamotte,* 15 *Beav. 241; Sharp* v. *Leach, 31 Beav. 491; Phillipson* v. *Kerry, 32 Beav. 628; Mulock* v. *Mulock,* 4 *Stew. Eq. 594; Anderson* v. *Ellsworth,* 7 *Jur.* (*N. S.*) *1052,* 3 *Giff. 154; Houghton* v. *Houghton,* 15 *Beav. 278; Toker* v. *Toker, 31 Beav. 644; Lister* v. *Hodgson, L. R. 4 Eq. Cas. 30;*

*Van Houten* v. *Van Winkle, 1 Dick. Ch. Rep. 380; Martling* v. *Martling, 2 Dick. Ch. Rep. 122; Russell's Appeal, 75 Pa. St. 269.*

*Mr. John R. Hardin,* for the infant grandchildren, supported the views of the complainant.

No one appeared for any other defendant.

PITNEY, V. C.

Both the grounds upon which the complainant asks relief are fully sustained by the proofs. The case is free from any trace of undue influence or imposition. The settler's disappointment is due entirely to oversight and inadvertence. Nevertheless, I think she is clearly entitled to the relief prayed for.

I deem it unnecessary to go through the exhaustive list of authorities cited at the argument. They fully sustain the complainant's position, and I have only to refer, in addition, to *Hall* v. *Otterson, 7 Dick. Ch. Rep. 522,* which seems to be somewhat in point, and *White* v. *White, 15 Dick. Ch. Rep. 104.*

I put my decision upon the ground that the settler did not understand that she could not revoke the deed of settlement at her pleasure, and, further, "did not understand and realize its practical effect and consequences in all directions."

I will advise a decree annulling the deed, except so far as it has been already acted upon in good faith and to such an extent as that the affair cannot be restored to its former condition.